UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JESUS DUARTE,

        Plaintiff,

   v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1 through 100, inclusive,

        Defendants.

No. 2:09-CV-01623-FCD-EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant State Farm Mutual Automobile Insurance Company's ("State Farm" or "defendant") motion to strike portions of plaintiff Jesus Duarte's ("Duarte or "plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(f).  Plaintiffs oppose the motions.  For the reasons set forth below,[1] defendant's motion to strike is DENIED.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

This is an insurance action arising out of the theft of plaintiff's 2003 Hummer automobile (the "automobile"). Plaintiff alleges that on or about June 2, 2008, the automobile was stolen while legally parked and locked in or near the driveway of plaintiff's residence. (Compl., Ex. A to Notice of Removal, filed June 12, 2009, ¶ 7.) The fair market value of the automobile at the time of the theft was $46,000.00. (Id. ¶ 8.) Plaintiff alleges that on June 2, 2008, plaintiff gave defendant notice of the loss and that on June 12, 2008, plaintiff gave defendant proof of loss; plaintiff further alleged that he performed all the terms and conditions of the policy. (Id. ¶ 9.)

On February 10, 2009, State Farm denied plaintiff's claim based upon defendant insurer's claim that plaintiff breached his insurance contract by failing to produce copies of all text messages made to and from his cellular telephone for the period of June 1, 2008 and June 2, 2008. (Id. ¶ 10.) Plaintiff's complaint includes allegations that defendant violated various regulations through their actions and inactions.

On April 23, 2009, plaintiff filed a complaint in the Superior Court for the State of California, County of Sacramento, for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith. On June 11, 2009, defendant removed the action to this court on the basis of diversity jurisdiction. On June 12, 2009, defendant filed a motion to strike.

Federal Rule of Civil Procedure 12(f) enables the court by motion by a party or by its own initiative to "order stricken from any pleading . . . any redundant, immaterial, impertinent,

or scandalous matter." The function of a 12(f) motion is to avoid the time and expense of litigating spurious issues. <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), <u>rev'd on other grounds</u>, 510 U.S. 517 (1994); <u>see also</u> 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1380 (2d ed. 1990).

Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted because they are often used to delay and because of the limited importance of the pleadings in federal practice. <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation. <u>Lilley v. Charren</u>, 936 F. Supp. 708, 713 (N.D. Cal. 1996).

Through this motion, defendant seeks to strike those allegations in the complaint that reference alleged violations of Insurance Code § 790.03 and California Code of Regulations, Title 10, § 2695. Defendant contends that such allegations must be stricken because plaintiff cannot assert a private right of action premised upon the Insurance Code or regulations. In his opposition, plaintiff clarifies that he has "no intention of asserting a private right of action premised upon the Insurance Code nor regulations adopted under its authority." (Pl.'s Opp'n, filed Aug. 20 2009, at 2.) Rather, plaintiff asserts that the conduct referenced in his allegations relating to violation of statutes or regulations form the basis of his bad faith claims.

Plaintiff's allegations relating to defendant's alleged violations of the Insurance Code and the California Code of

3

Regulations consist of both reference to specific statutes as well as the conduct that allegedly violated such statutes. Defendant's motion seeks to strike the entirety of these allegations, including both references to the statute as well as defendant's alleged conduct.  While the parties agree that these statutes provide no private right of action and that the violation of these statutes do not by themselves entitle plaintiff to relief, the conduct alleged in these sections may be relevant to plaintiff's claims.  At this stage in the litigation, the court cannot find that allegations defendant seeks to strike are so wholly immaterial and without any possible bearing on the action such that a motion to strike is warranted.

Accordingly, defendant State Farm's motion to strike is DENIED.

IT IS SO ORDERED.

DATED: September 8, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE